UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT I. DIXON, *et al.*,                    Case No. 1:06-CV-719

    Plaintiffs,                                Hon. Richard Alan Enslen

v.

MARSHALL BRASS CO., *et al.*,
                                              **OPINION**
    Defendants.          /

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion has been fully briefed and the Court discerns no reason for oral argument. *See* W.D. MICH. LCIVR. 7.2(d).

## I.   BACKGROUND

Plaintiffs Ronald I. Dixon, Donald J. Brewer, Durrell Sluder, Dorothy A. McRedmond, and David Shearer originally filed suit in Calhoun Circuit Court on September 1, 2006 alleging violations of breach of contract, promissory estoppel, unjust enrichment and declaratory relief. (*See* Compl.) Plaintiffs assert they were employees of Defendants Marshall Brass Company and S.H. Leggitt Company[1] and had worked for Defendants for fifteen years or more. (Compl. at ¶¶ 11-22.) Plaintiffs further allege they were entitled to certain benefits under a Non-Qualified Supplemental Deferred Compensation Plan ("Plan"). (*Id*. ¶¶ 24-26.) However, in April 2003, the Plan was terminally suspended by Defendants, despite payments owed to Plaintiffs under the Plan. (*Id*. ¶ 29.)

Defendants removed the action to federal court asserting that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), preempts all claims made by

---

[1] Plaintiffs assert that Marshall Brass Company is a subsidiary company of S.H. Leggitt Company.

Plaintiffs. Therefore, pursuant to 29 U.S.C. § 1132, removal to federal court is proper. Defendants have now moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) for the same reason; Plaintiffs' failure to state a claim upon which relief may be granted because all state law claims asserted are preempted by ERISA.

## II.     LEGAL STANDARDS

Whether dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, *Smith*, 378 F.3d at 568, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Roberson*, 399 F.3d at 794; *Arrow*, 358 F.3d at 393. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res. Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Although Rule 12(b)(6) clearly affords Plaintiffs some liberties, it does require more than the bare assertion of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993)).

**III.    ANALYSIS**

There seems to be little in dispute in this action.  Defendants argue Plaintiffs' state law claims should be dismissed for failure to state a claim because all of the claims are preempted by ERISA.  Defendants assert that Plaintiffs claims are properly construed as a claim for benefits due under an ERISA plan, and arise under ERISA's civil enforcement provisions.  29 U.S.C. § 1132(a).  Plaintiffs agree.

In Plaintiffs' Answer to [Defendants'] Motion to Dismiss (construed and referred to by the Court as Plaintiffs' "Response"), they acknowledge their claims are preempted by ERISA, stating:

> Plaintiffs agree with the general premise of Defendants' Motion to Dismiss, i.e. that Plaintiffs' claims are governed by [ERISA].  Plaintiffs agree that the Non-Qualified Supplemental Deferred Compensation Plan ("Plan") at issue in this case is subject to ERISA.

(Response at 1).  "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.  To this end ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.' "  *Aetna Health v. Davila*, 542 U.S. 200, 208 (2004).  The Supreme Court has held "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."  *Id.* at 208-09.

In the present case, as Plaintiffs freely admit, ERISA preempts their state law claims, as "ERISA broadly precludes any state law cause of action which relates to any employee benefit plan.  Specifically, any juridical complaint for recovery of any benefits allegedly due to the plaintiff under an employee benefit plan is strictly, and exclusively, governed by ERISA jurisprudence."  *Nester v.*

*Allegiance Healthcare Corp.*, 315 F.3d 610, 613 (6th Cir. 2003).  Therefore, where Plaintiffs' Complaint alleges Plaintiffs were Defendants' employees and were denied benefits allegedly due under an employee benefit plan, Plaintiffs' action is preempted and it shall be dismissed.

Plaintiffs' request in their Response that the Court determine what type of ERISA plan is at issue in this case, specifically whether the plan is a "Top-Hat" plan or a funded ERISA plan. Plaintiffs also request that if the Court cannot determine this, discovery should be permitted on the issue.  The Court finds this to be a strange and improper request in a Response to a Motion to Dismiss.  Plaintiffs ask the Court make a finding of fact or in the alternative allow discovery into the issue.  It is clear that question is a salient and relevant issue; however, such an issue cannot be summarily determined by the Court by request in Plaintiffs' Response.

If Plaintiffs wish to pursue an amendment to their Complaint, they shall do so by motion, FED. R. CIV. P. 15, setting forth with particularity the basis for the amendment in conjunction with a motion for post-judgment relief.  *See* FED. R. CIV. P. 59(e) & 60(b); *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002).

**IV.   CONCLUSION**

Therefore, Plaintiffs' Complaint is dismissed as the state law claims are preempted by ERISA.  A Judgment consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:  
   February 2, 2007

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE